GEORGE SAUER ET AL. v. MADISONVILLE (VIL.).

SURETIES OF VILLAGE CLERK HELD NOT LIABLE FOR HIS EMBEZZLEMENT OF ASSESS-MENT FUNDS.

Collecting and disbursing assessment funds under an improvement ordinance are not duties imposed by, nor pertaining to, the office of village clerk under Sec. 1762 (Lan. 3720; B. 1536-653) Rev. Stat. for the embezzlement of which his sureties on his official bond, conditioned that he "shall faithfully perform the duties of the office of clerk," are liable.

ERROR to Hamilton common pleas court.

**W. A. Hicks** and **W. F. North,** for plaintiffs in error.
**L. A. Ireton** and **W. M. Schoenle,** for defendant in error.

**SMITH, J.**

The condition of the bond sued upon in this case is:

"Now, if the said Bennett Carter shall faithfully perform the duties of the office of clerk of said village during his continuance in said office for said term, then this obligation shall be void, otherwise it will and remain in full force and effect."

In *State* v. *Griffith,* 74 Ohio St. 80 [77 N. E. Rep. 686], it is decided:

"A public officer is personally, and may be even criminally, liable for malfeasance in office; but the sureties on his official bond are answerable only within the letter of their contract for the unfaithful performance of his official duties and not for dereliction outside of the limits of his official duties."

The question is, does or does not the bond in this case come within the terms of this decision? We are of opinion that it does.

In *State* v. *Carter*, 67 Ohio St. 422 [66 N. E. Rep. 537], while the Supreme Court of Ohio holds that Carter was legally chargeable with the funds collected by him under the ordinances passed by the village council of Madisonville, and if he fraudulently converted them to his own use he was guilty of embezzlement under the provisions of Sec. 6841 Rev. Stat., yet, in their opinion the court say, page 432, "the moneys which came into the possession and custody and keeping of Carter, while he was village clerk, were moneys which he had collected and received under the provisions of the ordinances above set out, and not in the discharge of any purely statutory duty imposed upon him." Further on in its opinion the court say, page 434, "the clerk was an officer of the village and not of the state, and while his general duties are defined by statute, it is within the legitimate exercise of municipal authority to add other duties, which are not inconsistent with the statutory duties, and which relate solely to the local affairs of the corporation."

We do not think this new duty imposed upon Carter was one pertaining to his office as clerk that might be prescribed by council as provided in Sec. 1762 (Lan. 3270; B. 1536-653) Rev. Stat. In holding Carter guilty of embezzlement the court say, page 437:

That he "availed himself of the provisions of the ordinance so far as to receive from the village taxpayers sums of money which they were required to pay within a certain period to avoid certification of the same by him to the county auditor."

In becoming surety for Carter, the bondsmen were only liable in case Carter "failed to faithfully perform the duties of the office of clerk of said village." And this no doubt would include such other duties "pertaining" to his office as council might prescribe. The duty of collecting and disbursing the assessments set out in the ordinance was not a duty imposed upon him by statute, or one pertaining to his office as village clerk. His appointment and selection for this purpose was as though the village council had selected any other individual, and under the terms of the bond such duties were not included.

We are of opinion, therefore, that the court erred at the close of the defendant in error's testimony below to grant the motion of the plaintiffs in error to arrest the testimony from the jury and instruct a verdict for the plaintiffs in error.

Judgment reversed.

**Swing** and **Giffen, JJ.**, concur.